IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION



**FILED**

**December 8, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JOE L. UTLEY, | ) | |
| | ) | C.C.A. No. 01C01-9709-CR-00428 |
| Appellant, | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

William A. Lane
3236 Dilton Mankin Road
Murfreesboro, TN 37127

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Timothy Behan
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

Victor S. (Torry) Johnson, III
District Attorney General
222 Second Avenue, North
Suite 500
Nashville, TN 37201-1649

Thomas B. Thurman
Deputy District Attorney General
222 Second Avenue, North
Suite 500
Nashville, TN 37201-1649

OPINION FILED: _____

REMANDED

L. T. LAFFERTY, SENIOR JUDGE

## O P I N I O N

The appellant, Joe L. Utley, appeals as of right from a judgment of the Davidson County Criminal Court denying his petition for post-conviction relief. The petitioner alleges that trial and appellate counsel rendered ineffective assistance in several areas. After a through review of the record, we REMAND to the trial court with instructions to enter a findings of fact and conclusions of law.

## BACKGROUND

The petitioner was found guilty, by a Davidson County jury, of felony murder and especially aggravated robbery. The petitioner received a life sentence and a concurrent twenty-year sentence. This Court affirmed the appellant's convictions on direct appeal. *State v. Utley*, 928 S.W.2d 448 (Tenn. Crim. App. 1995), *per. app. denied* (Tenn. 1996).

The petitioner and three others, Derrick Carey, Eric Brown, and Donald Walton, robbed the Las Palmas Restaurant in Nashville, taking $500. An employee, Raphael Magna, was shot when he did not answer as to where the safe was located. A co-defendant yelled "Five-O," meaning the police were arriving. Officer Dennis Hamm of the Nashville Police Department arrested the petitioner who was running behind a building two hundred yards from the restaurant. Because the petitioner fit the description of one of the suspects, he was taken back to the restaurant where two patrons identified him from his build and clothing.

At the time of his arrest, the petitioner informed Officer Hamm he had just gotten off a bus and was looking for a phone to call his father. However, John Cannon, Metro Transit Authority, testified no buses ran at that time in the vicinity of Harding and Antioch. The accomplice, Eric Brown, testified for the state and related how all four men planned to rob Applebee's Restaurant. However, due to heavy police presence, the four men selected Las Palmas instead. The four men had stolen a car to use in the robbery and the petitioner was to remain in the car as the driver, but Brown saw him in the rear of the restaurant. Brown fired a shot to get everyone's attention and when he heard the police were coming,

both he and the petitioner exited through the back door.

## POST-CONVICTION PROCEEDINGS

Upon the petitioner filing a petition for post-conviction relief, the trial court entered a preliminary order appointing counsel to represent the petitioner's claims of ineffective assistance of counsel at the trial and appellate levels. As to trial counsel, the petitioner raises two issues: (1) trial counsel failed to object to the charge on "reasonable doubt" and (2) trial counsel failed to obtain a copy of the transcript of the juvenile court transfer hearing. As to appellate counsel, the petitioner complains appellate counsel (1) failed to provide a copy of the transcript of the motion to suppress the identification of the defendant by two state witnesses for appellate review and (2) failed to allege a sufficiency of evidence claim and the unconstitutionality of Tennessee's felony murder statute.

This Court reviews claims of ineffective assistance of counsel under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) wherein the burden is on the petitioner to establish (1) that counsel's performance was deficient, and (2) that, but for the deficiency, there is a reasonable probability that the result would have been different. Also, in *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn. 1975), our Supreme Court held that attorneys in Tennessee should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases.

The Post-Conviction Procedure Act requires trial judges to enter findings of fact and conclusions of law on all issues presented. Tenn. Code Ann. § 40-30-211(b). However, in the instant case, there are no findings for this Court to review. When a trial court enters findings of fact and conclusions of law, the trial court's decisions are conclusive on appeal unless the evidence preponderates otherwise. *Butler v. State,* 789 S.W.2d 898, 899 (Tenn. 1990); *Adkins v. State,* 911 S.W.2d 334, 341 (Tenn. Crim. App. 1994) *per. app. dismissed* (Tenn. 1995).

3

In the instant case, there appears to be some confusion as to whether the petitioner talked to appellate counsel about what issues were to be presented for appeal. Also, appellate counsel admitted he may have been deficient in failing to provide a transcript of the motion to suppress the identification of the petitioner for appellate review.

This case, therefore, is remanded for the trial court to set forth written findings of fact and conclusions of law, pursuant to Tenn. Code Ann. § 40-30-211(b) regarding the petitioner's claims of ineffective assistance of counsel.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE